Donald J. Weiss, Esq.
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FREDERICK FRANCIS,

        Plaintiff,                          Case No. 18CV5167

    -against-

MELTING POT CUISINE LLC, RIDGEWOOD GROUP 3601
LLC and 1664 LLC,

        Defendants.

---

Plaintiff, FREDERICK FRANCIS (hereinafter "Plaintiff"), through his undersigned counsel, alleges, upon information and belief:

## COMPLAINT

1. This action is brought on behalf of the Plaintiff against defendants MELTING POT CUISINE LLC (the "Melting Pot"), RIDGEWOOD GROUP 3601 LLC and 1664 LLC (collectively, the "Landlord"; with the Melting Pot, collectively, "Defendants") to enforce the statutory and regulatory provisions of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. §1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff fractured his neck many years ago and was paralyzed from the neck down. As a result, he uses a wheelchair for mobility and has limited use of his hands and arms.

5. The Melting Pot owns and operates a restaurant at the premises known and designated as 3601 Vernon Boulevard, Long Island City, NY (the "Property").

6. The Landlord is the owner and/or lessor of the Property.

7. The Melting Pot occupies the Property pursuant to a written agreement with the Landlord.

8. Defendants own and/or operate a place of public accommodation covered by Title III of the ADA. 42 U.S.C. §§ 12181(7)(B), 12182(a); 28 C.F.R. §§36.104, 36.201. The Defendants are also covered entities under the Executive Law and the Administrative Code.

## GENERAL ALLEGATIONS

9. Plaintiff lives on Roosevelt Island and is often in the area where the Property is located, as it is near the bridge he crosses over to reach Long Island City.

10 Plaintiff last sought to eat inside the Melting Pot on or about July 13, 2018, but was deterred from doing so due to the step at the entrance, which prevents access by wheelchair patrons.

11. Plaintiff was with a friend who went in and bought food for Plaintiff, as Plaintiff was unable to do so.

12. In addition to the step at the entrance, there are additional architectural barriers at the Melting Pot, as more fully described below, which prevent or restrict access by individuals

with disabilities, all of which were discussed with Plaintiff prior to the filing of this Complaint.

13. An inspection of the Melting Pot was conducted, as hereinafter described, and barriers to access include, but are not limited to, the following:

The Melting Pot is located on the corner of Vernon Boulevard and 36th Avenue, with the entrance on Vernon Boulevard, consisting of a door approximately 32 inches wide, which swings outwards, sitting in a 24 inch deep recess approximately 8 inches above the sidewalk. The space on the pull side of the door is roughly 8-10 inches. The entrance door and space on the pull side both sit inside a recess of about 2 feet.

**The following barriers to entry are present at the entrance**:

a) There is no unobstructed route from the sidewalk to the entrance door, due to a rise, over ½ inch, in front of the door.

b) The rise over ½ inch in front of all the doors has not been ramped to allow entry by people in wheelchairs, although it is readily achievable to do so.

c) Even if Plaintiff was assisted inside, he would be stranded in the event of a fire, as there is no accessible means of egress available.

As you enter the Melting Pot, on the right is a counter for placing orders and picking up food. The counter is over 40 inches high. To the right of the counter, there is a food display. The seating consists of tables with a center leg and base with 3 prongs, which would prevent Plaintiff from rolling below the table, as others do, to sit comfortably.

**The following barriers are present inside the Melting Pot**:

d) There is no accessible seating which would allow enough space for the Plaintiff to comfortably sit in his wheelchair at a table as the base prevents an individual in a wheelchair from moving their legs under the table.

3

e) There is no lowered section of the sales counter so that Plaintiff may take care of his payment and take his food independently.

14. Plaintiff will continue to visit the Melting Pot and will attempt to enter if the barriers to his enjoyment of the facilities have been removed.

15. It would be readily achievable for Defendants to remove the barriers to access at the Melting Pot.

16. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against individuals with disabilities in violation of sections 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. §12182(a), (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

17. Defendants' failure to remove the barriers to access constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. §12188(b)(l)(B)(i) and 28 C.F.R.§ 503(a).

18. Defendants' failure to remove the barriers to access constitutes unlawful discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(l)(B)(ii) and 28 C.F.R.§ 36.503(b).

### **CLAIMS FOR RELIEF**

### **CLAIM I**

### READILY ACHIEVABLE BARRIER REMOVAL

19. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 13. By failing to remove barriers to access to the extent it is readily achievable to do so, such as ramping the front step of the Melting Pot, lowering a section of the sales counter and providing ADA compliant seating, Defendants have violated Title III of

the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

## CLAIM II

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

20. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 13, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

21. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

22. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 13. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

23. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required, in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

24. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4) by maintaining and/or creating inaccessible places of public accommodation.

25. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 13. By failing to remove barriers to access to the extent it is

readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiffs, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiffs as to the Defendants' places of public accommodation

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, as set forth in this Complaint;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiffs as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

F. Find that Plaintiffs are prevailing parties in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

G. For such other and further relief to which Plaintiffs may be justly entitled.

Dated: September 12, 2018

*Donald J. Weiss*
Donald J. Weiss, Esq. (7619)